UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
:
SUNDRA FRANKS,                                                         :
:                    13-CV-5358 (ARR)
              Plaintiff,                                               :
:                    NOT FOR PRINT OR
   -against-                                                           :    ELECTRONIC
:                    PUBLICATION
CITY OF NEW YORK and NEW YORK CITY POLICE                              :
OFFICER SGT. KIM MURRAY, Shield # 2639, NEW                            :    OPINION & ORDER
YORK CITY POLICE OFFICER MARK                                          :
BERDICHEVSKIY, shield # 22230 and NEW CITY                             :
POLICE OFFICER JENNIFER HADLEY, shield 26049,                          :
:
              Defendants.                                              :
:
---------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff, Sundra Franks, commenced this action following his arrest and short-lived prosecution for possession of marijuana. He asserts various claims pursuant to 42 U.S.C. §§ 1983, 1985 and state tort law. Defendants have moved for summary judgment on all claims. In light of material disputes of fact regarding the origin of the marijuana that the defendant officers allegedly found on plaintiff, defendants' motion is granted in part and denied part.

## BACKGROUND

This case presents two competing narratives regarding the circumstances that led to plaintiff's arrest in the early morning hours of February 10, 2012, in Staten Island, New York.

According to plaintiff, he was driving his car, a sedan with all four side windows tinted, around 1:30 am when a police vehicle pulled behind him. Dep. of Sundra Franks ("Pl. Dep."), attached as Ex. 2 to Decl. of Philip Ohene, Dkt. #44, at 29-30. The police vehicle's lights were

1

flashing, and its siren was on. Id. at 30. Plaintiff immediately stopped his car and then, following instructions that came over the police loudspeaker, made a right turn and pulled over to the side of the road. Id. at 31.

Two police officers, later identified as defendants Officers Mark Berdichevskiy and Jennifer Hadley, exited the police vehicle and approached plaintiff's car from behind. Id. at 32. Officer Hadley walked to the driver's side window and asked plaintiff for his license. Id. at 40. As he reached for his license, Officer Hadley opened the car door and pulled plaintiff out of the vehicle. Id. at 40-41. She gave plaintiff a quick pat-down and then requested that Officer Berdichevskiy restrain plaintiff so that she could retrieve plaintiff's vehicle registration from inside the car. Id.

After doing so, Officer Hadley returned to where plaintiff and Officer Berdichevskiy were standing. Id. She proceeded to insist that plaintiff "ha[d] to have something on him," id. at 42, and began searching plaintiff's vehicle and the surrounding area, id. at 43. Denying that he possessed anything of interest to the officers, plaintiff offered to allow Officer Hadley to search his trunk, which she did. Id. Eventually, having failed to find anything of interest in his car or on his person, Officer Hadley claimed to find something on the ground near plaintiff. Id. at 43-44. Plaintiff was put in handcuffs and taken to the police precinct. Id. at 44. Only there did he learn that Officer Hadley had "supposedly" recovered marijuana from the scene. Id. at 43-44.

Defendants provide an entirely different account of the events that resulted in plaintiff's arrest.

According Officer Berdichevskiy, he and Officer Hadley first observed plaintiff's vehicle parked illegally in front of a driveway, prompting Officer Berdichevskiy to stop the police vehicle parallel to plaintiff's parked car. Dep. of Mark Berdichevskiy, attached as Ex. E to Decl.

2

of Rhiana Swartz ("Swartz Decl."), Dkt. #43-5, at 18, 29. Officer Berdichevskiy exited his vehicle and approached plaintiff's car door. Id. Plaintiff had his interior car light turned on, allowing Officer Berdichevskiy to observe plaintiff with "loose marijuana in [his] hands," "rolling a marijuana cigarette." Id. at 32. Officer Berdichevskiy testified that plaintiff did not have tinted windows. Id. at 18. Upon noticing Officer Berdichevskiy, plaintiff tried to hide the marijuana by shoving it down his pants. Id. at 32. Officer Berdichevskiy ordered plaintiff out of the car, handcuffed him, and shook his pants, causing the marijuana and paraphernalia to fall to the ground. Id. at 30, 49. Officer Berdichevskiy recovered the marijuana and, together with Officer Hadley, transferred plaintiff to the police precinct. Id. at 49.

Officer Hadley's deposition testimony is generally consistent with—though significantly more vague than—Officer Berdichevskiy's. Notably, however, Officer Hadley states that she and her partner first observed plaintiff apparently "rolling marijuana" as they drove past his parked car, rather than after they approached him for blocking a driveway. Dep. of Jennifer Hadley, attached as Ex. F to Swartz Decl., Dkt. #43-6, at 15.

The divergent accounts of plaintiff's arrest converge with respect to what occurred at the police precinct. Plaintiff was booked, and Officer Hadley prepared an arrest report in which she stated that plaintiff had "shove[d] a quantity of marijuana in his pants at the sight of [Officer Berdichevskiy]." Arrest Report, attached as Ex. B to Swartz Decl., Dkt. #43-2. Officer Berdichevskiy invoiced the marijuana and cigar leaf that plaintiff had used for rolling, identifying himself as the "finder" and plaintiff as the "owner." Property Clerk Invoice, attached as Ex. C. to Swartz Decl., Dkt. #43-3. Officer Berdichevskiy also prepared a supporting deposition containing his version of the facts, which was filed along with the criminal complaint against plaintiff that defendant Sergeant Kim Murray signed. Misdemeanor Complaint, attached

3

as Ex. G to Swartz Decl., Dkt. #43-7. The record contains no evidence suggesting that Sergeant Murray had notice of plaintiff's version of the facts or that she had any reason to doubt the information that Officer Berdichevskiy had provided. The complaint charged plaintiff with criminal possession of marijuana in the fifth degree, NYPL § 221.10(1), and unlawful possession of marijuana, NYPL § 221.05. Id. The charges were later dismissed.

Following the close of his criminal case, plaintiff filed the present action, asserting a variety of claims pursuant to 42 U.S.C. §§ 1983, 1985 and state tort law. Defendants have moved for summary judgment on all of plaintiff's claims. Because plaintiff has chosen to oppose summary judgment only with respect to his § 1983 false arrest and malicious prosecution claims, plaintiff is deemed to have abandoned all others. See Jackson v. Fed. Exp., 766 F.3d 189, 196 (2d Cir. 2014); Taylor v City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003).

## DISCUSSION

**A.    Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the court is not to resolve disputed issues, but to determine whether there is a genuine issue to be tried. Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 249 (1986). "While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)) (internal quotation marks and ellipses omitted).

In assessing whether summary judgment is appropriate, the court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011) (quoting In re Bennett Funding Grp., Inc., 336 F.3d 94, 99 (2d Cir. 2003)); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party carries the burden of proving that there is no genuine dispute respecting any material fact and "may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223-24 (2d Cir. 1994). Once this burden is met, in order to avoid the entry of summary judgment, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998). In reviewing the record before it, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

**B.    False Arrest**

Defendants first seek summary judgment on plaintiff's false arrest claim against Officers Berdichevskiy and Hadley.

A § 1983 claim for false arrest, asserting a deprivation of the Fourth Amendment right to be free from unreasonable seizures, is "substantially the same" as a claim for false arrest under New York state law. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). To prevail on a false arrest claim, a plaintiff must establish that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the

confinement and (4) the confinement was not otherwise privileged." Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (internal quotation marks omitted). Probable cause is a complete defense to a false arrest claim. Weyant, 101 F.3d at 852.

Probable cause to arrest exists where an officer has "'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) (quoting Weyant, 101 F.3d at 852). Under the collective or imputed knowledge doctrine, an arresting officer will be deemed to know those facts that were "known by other law enforcement officials initiating or involved with the investigation." United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001); accord Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007). To defeat a § 1983 false arrest claim, probable cause to arrest need not exist for "any individual charge identified by the arresting officer at the time of arrest," as long as the facts known to the officer at the time supply probable cause to arrest the plaintiff for some crime. Jaegly, 439 F.3d at 154.

On a motion for summary judgment, the court can determine probable cause as a matter of law if the relevant events and knowledge of the officers are not in dispute. Drummond v. Castro, 522 F. Supp. 2d 667, 673 (S.D.N.Y. 2007); Mistretta v. Prokesch, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998). Even if facts are disputed, a defendant may still be entitled to summary judgment on a § 1983 false arrest claim if the plaintiff's version of events establishes the existence of probable cause to arrest. Mistretta, 5 F. Supp. 2d at 133. However, "[w]here the question of whether an arresting officer had probable cause is predominantly factual in nature, as where there is a dispute as to the pertinent events," the issue of which account of the events to

credit is to be decided by the jury. Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997); see also Zhao v. City of New York, 656 F. Supp. 2d 375, 387 (S.D.N.Y. 2009).

Here, defendants argue that Officers Berdichevskiy and Hadley had probable cause to arrest plaintiff for (1) operating a vehicle with darkly tinted windows in violation of New York Vehicle and Traffic Law ("VTL") § 375.12-a(b)(2), and (2) unlawful possession of marijuana in violation of New York Penal Law ("NYPL") § 221.05. For the reasons that follow, summary judgment is not warranted on either ground.

Defendants' first asserted basis for probable cause fails because there is no evidence that Officers Berdichevskiy and Hadley had the requisite knowledge of plaintiff's tinted windows so as to justify his arrest pursuant to the VTL. The existence of probable cause "depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152 (2004); see id. at 153 ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."); Selvaggio v. Patterson, No. 13-CV-2436, 2015 WL 1293007, at *6 (E.D.N.Y. Mar. 20, 2015) ("Although the standard for probable cause is an objective one, and does not depend upon an officer's subjective motivations, the facts purportedly providing probable cause must be known to the officer or officers at the time of the arrest." (internal citations omitted)). Facts that are learned following an arrest, no matter how incriminating or incontrovertible, have no bearing on whether probable cause existed in the first place. Weg v. Macchiarola, 729 F. Supp. 328, 334 (S.D.N.Y. 1990) ("[A] determination of whether probable cause existed for the arrest must be made looking at the facts known to defendants at the time of the arrest, not those facts learned later."); see, e.g., Loria v. Gorman, 306 F.3d 1271, 1291-92 (2d Cir. 2002) (holding that signed deposition of victim postdating plaintiff's arrest was "irrelevant

7

to the determination of whether [arresting officer] had probable cause to arrest" in the first place); Codrington v. City of New York, No. 12-CV-01650, 2015 WL 893567, at *4 n.2 (E.D.N.Y. Mar. 2, 2015) (noting that plaintiff's "admissions in his deposition" regarding his unauthorized use of a vehicle could not inform the court's probable cause analysis because "probable cause must be determined based on the knowledge of the arresting officer at the time of the arrest"); Spruill v. Levy, No. 04 Civ.7316, 2008 WL 1744787, at *1 (S.D.N.Y. Apr. 11, 2008) (holding that, without evidence that arresting officers had knowledge of an order of protection that prohibited plaintiff's unsupervised contact with her children, officers who observed plaintiff alone with her children did not have probable cause to arrest plaintiff for violating that order).

In this case, there is no evidence that either of the officers knew at the time of plaintiff's arrest that plaintiff's car windows were tinted. Officer Berdichevskiy, in fact, expressly stated in his deposition that plaintiff's windows were not tinted, while Officer Hadley testified that she was able to observe plaintiff preparing a marijuana cigarette, at night, through his car window. Without any knowledge of plaintiff's tinted windows, no reasonable officer would believe that plaintiff had violated the VTL.[1]

The sole fact on which defendants rely—that plaintiff stated at his deposition that his car has tinted windows—has no bearing on the probable cause analysis. The relevant inquiry turns on what Officers Berdichevskiy and Hadley knew at the time of plaintiff's arrest, not on what they learned afterward. See United States v. Harrell, 268 F.3d 141, 148-49 & n.3 (2d Cir. 2001) (holding that there was probable cause to stop a vehicle where it was "undisputed that [the

---

[1] VTL § § 375.12-a(b)(2)) only prohibits the operation of a motor vehicle whose front side windows "are composed of, covered by or treated with any material which has a light transmittance of less than seventy percent." If anything, the fact that plaintiff's tinted windows were imperceptible to the arresting officers supports an inference that they were not so dark as to give rise to liability under the statute.

8

arresting officer] observed that the car's windows were tinted," but withholding decision on whether probable cause also arose from broken brake light, as it was "unclear from the record whether [the officer] noticed that the car's brake lights violated the [VTL] <u>before</u> he stopped the car"). Plaintiff's deposition testimony provides no basis on which to find that the officers knew plaintiff had tinted windows; the relevant evidence, in fact, commands the opposite conclusion. Officers Berdichevskiy and Hadley, therefore, had no probable cause to arrest plaintiff for operating a vehicle with darkly tinted windows.

Defendants' second asserted basis for probable cause is no more availing, as there are material disputes of fact regarding the origin of the allegedly incriminating marijuana. According to plaintiff, he was driving his car when Officers Berdichevskiy and Hadley approached his vehicle from behind and, with lights flashing, instructed him to pull over. While he was detained by Officer Berdichevskiy, Officer Hadley searched his vehicle, including his trunk. She found nothing on plaintiff's person or in his vehicle to support her charge that plaintiff "ha[d] to have something," Pl. Dep. 42, but eventually she claimed to find something on the ground, <u>id.</u> at 43. Plaintiff was taken to the police precinct, and only there did he learn that Officer Hadley "supposedly" recovered marijuana, <u>id.</u> at 43, which plaintiff denies ever possessing. According to defendants, on the other hand, Officers Berdichevskiy and Hadley approached plaintiff after observing him prepare a marijuana cigarette inside his parked car and, after plaintiff was ordered out of his car, Officer Berdichevskiy recovered the marijuana that plaintiff had attempted to hide in his pants.

Accepting plaintiff's testimony as true and drawing all inferences in his favor, the court finds no basis for holding as a matter of law that Officers Berdichevskiy and Hadley had probable cause to arrest plaintiff for possession of marijuana. <u>See, e.g.</u>, <u>Curry v. City of</u>

9

Syracuse, 316 F.3d 324, 336-37 (2d Cir. 2003) (declining to grant summary judgment where plaintiff disputed the defendant officer's testimony in which the officer stated that he recovered a bag of crack cocaine that plaintiff had pulled out of his sock and thrown away); Perez v. City of New York, No. 01-CV-5384, 2007 WL 14486, at *16 (E.D.N.Y. Jan. 3, 2007) (declining to grant summary judgment where plaintiff testified that he never saw the defendant officers recover the gun that allegedly gave rise to probable cause and that he was "not even informed that a gun had been recovered until after he reached the precinct," testimony that "implie[d] that the detectives fabricated their accounts of recovering a gun"); Chimurenga v. City of New York, 45 F. Supp. 2d 337, 342 (S.D.N.Y. 1999) (declining to grant summary judgment where plaintiff's "entirely circumstantial" evidence "create[d] a jury issue as to whether [the defendant arresting officers] worked in concert to plant the blade and thereby falsely engineered plaintiff's arrest").

Defendants try to elude the material differences in the parties' deposition testimony by advancing the cursory argument that it is "undisputed that marijuana was recovered on the ground in very close proximity to plaintiff's parked car" and that it was, "therefore, reasonable for the officers to believe that the marijuana belonged to plaintiff." Defs. Mem. of L. in Supp. of Mot. for Summ. J. ("Defs. Mem."), Dkt. #42-3, at 7. Plaintiff, however, never testified that marijuana was recovered at the scene of his arrest, but rather stated in his deposition that Officer Hadley "supposedly" found something on the ground next to him, which the officers later claimed to be marijuana. Pl. Dep. 43. Moreover, plaintiff's version of the events preceding the alleged discovery of marijuana is completely at odds with defendants' account, providing further support to plaintiff's claim of evidence planting. While a jury would not be required to accept plaintiff's claim at trial, "the issue of which account of the events to credit and whether the officer[s] had probable cause [must] be decided by the jury." Bonds v. City of New York, No.

12-CV-1772, 2014 WL 2440542, at *4 (E.D.N.Y. May 30, 2014) (declining to grant summary judgment on false arrest claim where plaintiff testified that he was randomly stopped by officers who, according to plaintiff, falsely accused him of having discarded a weapon).

Officers Berdichevskiy and Hadley are not entitled to summary judgment on qualified immunity grounds either. The doctrine of qualified immunity shields government officials from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), or if "it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights," Mandell v. Cnty. of Suffolk, 316 F.3d 368, 385 (2d Cir. 2003). In the false arrest context, "[a]n officer's determination is objectively reasonable if there was 'arguable' probable cause at the time of arrest—that is, if 'officers of reasonable competence could disagree on whether the probable cause test was met.'" Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007) (quoting Lennon v. Miller, 66 F.3d 416, 423-24 (2d Cir. 1995)); see Oliveira v. Mayer, 23 F.3d 642, 649 (2d Cir. 1994) (describing the possibility that officer is entitled to qualified immunity for false arrest "when he reasonably believes that a reasonably prudent police officer would have acted even though a reasonably prudent police officer would not have acted").

Here, under the version of events most favorable to plaintiff, there can be no reasonable dispute over whether the probable cause test was met. First, Officers Berdichevskiy and Hadley had no awareness of plaintiff's tinted windows, and, without such knowledge, reasonable officers would agree that there was no basis to arrest plaintiff for violating VTL § 375.12-a(b)(2). Second, whether there was "arguable" probable cause to arrest plaintiff for possession of marijuana depends on whose version of facts one believes, and such credibility determinations

11

cannot be made at this stage in this litigation. See, e.g., Curry, 316 F.3d at 336 (denying qualified immunity because "the jury could also find, if it believed [plaintiff's] testimony that he never had drugs on him that night, that no reasonable officer in [defendant's] position would have believed it was lawful to arrest [plaintiff] for drug possession"); Hill v. Melvin, No. 05 Civ. 6645, 2006 WL 1749520, at *12 (S.D.N.Y. June 27, 2006), aff'd, 323 F. App'x 61 (2d Cir. 2009) (holding that the "factual dispute concerning [the officers'] discovery or planting of the razor blade . . . also precludes summary judgment for [defendants] on qualified immunity grounds).

In sum, viewing the evidence in the light most favorable to plaintiff and drawing all inferences in his favor, the court cannot hold as a matter of law that Officers Berdichevskiy and Hadley had either actual or arguable probable cause to arrest plaintiff. Summary judgment on plaintiff's false arrest claim is therefore denied.

## C.  Malicious Prosecution

Defendants also seek summary judgment on the malicious prosecution claim that plaintiff asserts against Officer Berdichevskiy, Officer Hadley, and Sergeant Murray.

A claim for malicious prosecution requires that "'(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in plaintiff's favor.'" Cameron v. City of New York, 598 F.3d 50, 63 (2d Cir. 2010) (quoting Ricciuti v. N.Y. City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997)). The first element requires that a plaintiff "overcome the presumption that a prosecutor exercises independent judgment in deciding whether to initiate and continue a criminal proceeding." Boley v. Durets, No. 12-CV-4090, 2013 WL 6562445, at *6 (E.D.N.Y. Dec. 10, 2013) (internal quotation marks omitted). A plaintiff can do so by

showing that the defendant officer initiated a proceeding "by having the plaintiff arraigned, by filling out complaining and corroborating affidavits, and by signing felony complaints." Mitchell v. Victoria Home, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006); see also Cameron, 598 F.3d at 63 ("Under New York law, police officers can 'initiate' prosecution by filing charges or other accusatory instruments."). "Plaintiff can also overcome the presumption by showing that the officers created false evidence and forwarded it to prosecutors or withheld material information." Boley, 2013 WL 6562445, at *6.

Here, defendants argue that, even when viewed in the light most favorable to plaintiff, the evidence is insufficient to satisfy the initiation and malice elements of a malicious prosecution claim against any of the three individual defendants. In addition, defendants argue that Sergeant Murray lacked personal involvement in plaintiff's prosecution, a requirement for liability under § 1983. For the following reasons, the court grants summary judgment to Sergeant Murray and Officer Hadley, but denies summary judgment to Officer Berdichevskiy.

Plaintiff's claim against Sergeant Murray fails because there is no evidence that she signed the criminal complaint against plaintiff with the belief that probable cause was lacking for plaintiff's prosecution, let alone that she did so with malice. According to the criminal complaint itself, Sergeant Murray prepared the complaint on the basis of Officer Berdichevskiy's supporting deposition, in which he alleged that plaintiff had unlawfully possessed marijuana open to public view in a public place. While Officer Berdichevskiy's supporting deposition may have contained false allegations against plaintiff, plaintiff does not provide any evidence, or even suggest, that Sergeant Murray was on notice of the alleged planting of marijuana or had any other reason to doubt the veracity of Officer Berdichevskiy's statements. In the absence of such

13

evidence, no reasonable jury could find Sergeant Murray liable of malicious prosecution, and summary judgment on plaintiff's claim against her is therefore warranted.[2]

Plaintiff's claim against Officer Hadley also fails, as plaintiff has conceded that "Officer Hadley did not initiate the criminal proceedings" against him. Pl. Mem. of L. in Opp'n to Summ. J. ("Pl. Mem."), Dkt. #44, at 14. While plaintiff argues that liability can arise simply from Officer Hadley's position as a "back-up officer," id., plaintiff identifies, and the court finds, no caselaw supporting this proposition. Given plaintiff's concession, summary judgment on this claim must be granted to Officer Hadley.

Summary judgment is not warranted, however, on plaintiff's malicious prosecution claim against Officer Berdichevskiy. Defendants acknowledge that Officer Berdichevskiy "forwarded his arrest paper work to the District Attorney's Office," and do not dispute that an officer satisfies the initiation element of malicious prosecution claim by "'knowingly provid[ing] false information or fabricated evidence that is likely to influence the prosecutors or the grand jury.'" Defs. Mem. 10 (quoting Levine v. City of New York, No. 12-CV-3653, 2014 WL 3778748, at *6 (E.D.N.Y. July 31, 2014)). Moreover, the caselaw is clear that a jury can infer malice from the lack of probable cause and that, where a defendant allegedly fabricated the factual basis for probable cause, summary judgment on the malice element of a malicious prosecution claim is particularly inappropriate. Morel v. Reed, Nos. 11-CV-1808, 12-CV-5145, 2015 WL 1506132, at *5 (E.D.N.Y. Mar. 31, 2015) ("At the summary judgment stage, the element of malice usually turns on the probable cause inquiry, since the lack of probable cause generally raises an inference of malice sufficient to withstand summary judgment." (internal quotation marks)); Bailey v. City

---

[2] Defendants are nonetheless wrong that Sergeant Murray's signing of the criminal complaint is insufficient to satisfy the requirement that the defendant initiated the criminal proceeding. See Cameron, 598 F.3d at 63 (holding that "[a]s a matter of law, [defendants'] filing of the Criminal Court Complaint 'initiated' the prosecution against [plaintiff]," and thus the jury need not decide this element of plaintiff's malicious prosecution claim).

14

of New York, No. 14-CV-2091, 2015 WL 220940, at *19 (E.D.N.Y. Jan. 15, 2015) ("Falsifying evidence is sufficient to show malice."); Chimurenga, 45 F. Supp. 2d at 343-44 ("Where, as here, there is a triable issue as to probable cause, there will almost always be a triable issue as to malice, since the existence of malice may be inferred from a finding that defendants lacked probable cause. This is even more the case where, as here alleged, the defendants attempted to falsely create a sham probable cause." (internal quotation marks and citation omitted)).

The only question here, therefore, is whether a jury could find that Officer Berdichevskiy knew that the information regarding plaintiff's possession of marijuana was false or, alternatively, whether the court must hold as a matter of law that Officer Berdichevskiy was unaware that Officer Hadley planted the marijuana at the scene of plaintiff's arrest. Defendants insist on the latter, arguing that "there is no evidence in the record that Berdichevskiy knew that the information in his arrest paperwork was false (assuming arguendo that it was false)." Defs. Mem. 10. Yet, their argument ignores the fact that Officer Berdichevskiy testified that he observed plaintiff, seated in a parked car, roll a marijuana cigarette and then attempt to hide the contraband in his pants. This testimony is irreconcilable with plaintiff's version of events, under which plaintiff was unjustifiably stopped and searched, and Officer Hadley, having failed to find anything incriminating on plaintiff's person or in his car, "supposedly" found marijuana on the ground—marijuana that plaintiff never saw, let alone possessed. A jury is entitled to credit plaintiff's account and, in so doing, could permissibly find that Officer Berdichevskiy knowingly forwarded false information to prosecutors. Summary judgment on the malicious prosecution claim against Officer Berdichevskiy is therefore denied.

Defendants contend, in the alternative, that Officer Berdichevskiy is entitled to qualified immunity. In the malicious prosecution context, the relevant inquiry is whether it was

"'objectively reasonable' for an officer in [Officer Berdichevskiy's] position to believe that probable cause existed" for plaintiff's prosecution. Mejia v. City of New York, 119 F. Supp. 2d 232, 255 (E.D.N.Y. 2000). As with plaintiff's false arrest claim above, the material disputes of fact regarding the origin of the incriminating marijuana preclude granting summary judgment on plaintiff's malicious prosecution claim on qualified immunity grounds.

### D.     Municipal Liability

Finally, defendants seek summary judgment on plaintiff's § 1983 claim against the City of New York, which seemingly relates to the false arrest and malicious prosecution claims discussed above.

In order to establish the liability of a municipality for the unconstitutional acts of its employees, "a plaintiff must show that the violation of her constitutional rights resulted from a municipal custom or policy." Smith v. City of New York, 290 F. Supp. 2d 317, 321 (E.D.N.Y. 2003) (discussing requirements of municipal liability under § 1983 as set forth in Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), and its progeny). Plaintiff here attempts to establish the existence of such a policy or custom through a showing of "deliberate indifference" by high-level, yet unidentified, New York City officials. "[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a 'deliberate choice,' that acquiescence may 'be properly thought of as a city policy or custom that is actionable under § 1983.'" Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Such deliberate indifference claims require "proof that a municipal actor

disregarded a known or obvious consequence of his action." Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011) (internal quotation marks omitted).

Plaintiff has set forth no evidence that might support his claims against the City of New York, but rather argues that he has carried his burden by "pleading deliberate indifference" in his amended complaint. Pl. Mem. 15. The conclusory allegations set forth in plaintiff's complaint are not even sufficient to state a claim, much less sufficient to allow plaintiff's Monell claim to proceed to trial. See Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) ("The mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."); Jouthe v. City of New York, No. 05-CV-1374, 2009 WL 701110, at *8 (E.D.N.Y. Mar. 10, 2009) (granting summary judgment against plaintiff where he provided no evidence to support his conclusory allegation that "a policymaker had notice of unconstitutional conduct and evidenced deliberate indifference"). Because defendants have shown that there is "little or no evidence . . . in support of the nonmoving party's case," Gallo, 22 F.3d at 1223-24, and because plaintiff has not "come forward with specific facts showing that there is a genuine issue for trial," LaBounty, 137 F.3d at 73, summary judgment in favor of the City of New York is proper.

## CONCLUSION

For the foregoing reasons, defendants' summary judgment motion is granted as to plaintiff's claims against the City of New York and Sergeant Murray and as to the malicious prosecution claim against Officer Hadley. The motion is denied as to the malicious prosecution and false arrest claims against Officer Berdichevskiy and as to the false arrest claim against Officer Hadley. All other claims are deemed abandoned.

SO ORDERED.

    \_\_/s/_____
    Allyne R. Ross
    United States District Judge

Dated:        June 4, 2015
                 Brooklyn, New York