UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SUNDRA FRANKS,

                             Plaintiff,                      **SECOND PROPOSED**

               -against-                      **JOINT PRETRIAL ORDER**

THE CITY OF NEW YORK and NEW YORK CITY        13-CV-5358 (ARR) (JO)
POLICE OFFICER SGT. KIM MURRAY, Shield # 2639,
NEW YORK CITY POLICE OFFICER MARK
BERDICHEVSKIY, shield #22230 and POLICE
OFFICER JENNIFER HADLEY, shield 26049,

                            Defendants.

------------------------------------------------------------------------x

## JOINT PRETRIAL ORDER

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**Proposed Amended Caption**

Sundra Franks v. Police Officer Mark Berdichevskiy and Police Officer Jennifer Hadley, 13-CV-5358 (ARR) (JO)[1]

**Parties and Counsel**

*For Plaintiff:*
Philip Ohene
805 Castleton Avenue
Staten Island, NY 10310
Tel.:  (718) 727-6607
Fax:  (718) 727-0539
phlohene@aol.com

*For Defendants:*
Rhiana Swartz
Corporation Counsel of the City of NY
100 Church Street
New York, NY 10007
Tel:  (212) 356-2382
Fax: (212) 356-3509
rswartz@law.nyc.gov

---

[1] Pursuant to the Court's Opinion and Order, dated June 4, 2015, the City of New York and Sergeant Kim Murray were dismissed from this action with prejudice. Defendants respectfully request that the caption be amended appropriately.

**Jurisdiction**

This action arises under the United States Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

**Plaintiff's Statement of Claims**

On February 10, 2012, Plaintiff was driving his vehicle which had tinted windows on the streets of Staten Island when he was pulled over by two New York City police officers. The encounter led to a search of the Plaintiff person and a search of the vehicle. When no controlled substance was found in Plaintiffs vehicle or person it was claimed that marijuana was recovered on the grounds where Plaintiff was standing outside of his vehicle.

The police officer's version of what happened that day was very different which the Court found not to be true and denied Defendant's summary judgment motion. It was claimed that Plaintiffs vehicle was illegally parked adjacent to a driveway when the officers first observed Plaintiff and as they approached the vehicle they observed Plaintiff rolling a marijuana cigarette at 1:30 a.m. in the morning which he then shoved into his pants. The Plaintiff denies such allegation. It is Plaintiffs position that the officers concocted such a story and may have planted the evidence in the case. There was no reason for the officers to have believed that Plaintiffs vehicle was parked illegally since no homeowner had called for help.

Defendants object to plaintiff's argumentative recitation of his version of events as an improper statement of claims. Defendants submit that the following of plaintiff's claims survived summary judgment: (1) false arrest against Officers Berdichevskiy and Hadley; and (2) malicious prosecution against Officer Berdichevskiy.

**Defendants' Statement of Defenses**

Probable cause existed for the arrest and prosecution of plaintiff. In the alternative, defendants are entitled to the defense of qualified immunity on both claims.[2]

Summary judgment was granted on plaintiff's federal claims of excessive force, racial discrimination, and municipal liability, and on any and all state law claims, dismissing all of those claims with prejudice.

**Plaintiff's Statement of Damages**

Plaintiff was unlawfully arrested, without probable cause and seeks damages in the amount of $100,000.00.

**Type of Trial**

This case is to be tried by a jury. The parties estimate that three days will be needed.

---

[2] Defendants will separately submit proposed special interrogatories for the jury with supportive briefing and plaintiff's position.

**Consent to Trial by Magistrate Judge**

 The parties do not consent to this case being tried by a Magistrate Judge.

**Stipulations**

1. The item vouchered under Property Invoice No. 5000012464 was recovered at the scene of plaintiff's arrest.

2. ~~The item recovered from the scene of plaintiff's arrest, vouchered under Property Invoice No. 5000012464, contains marijuana.~~ [3]

**Plaintiff's Witnesses**

1. Plaintiff.

**Defendants' Objections to Plaintiff's Witnesses**

 None.

**Defendants' Witnesses**[4]

1. Defendant Police Officer Mark Berdichevskiy (in person) will testify about the facts and circumstances of plaintiff's arrest.

2. Defendant Police Officer Jennifer Hadley (in person) will testify about the facts and circumstances of plaintiff's arrest.

**Plaintiff's Objections to Defendants' Witnesses**

 None.

---

[3] At approximately 11:00 a.m. today, January 29th, plaintiff informed defendants for the first time that he would not consent to this stipulation, which was agreed to orally during the January 7th phone pretrial conference with the Court, and again on January 28th. For this reason, defendants are again including Exhibits B and C below. These exhibits were listed in the original JPTO filed on August 5, 2015 (ECF No. 50.).

[4] Defendants reserve the right to call any witnesses listed by plaintiff. Defendants also reserve the right to supplement this list upon receipt of new information, or for good cause.

**Plaintiff's Designated Deposition Testimony**

     None.

**Plaintiff's Exhibits**

     None.

**Plaintiff's Possible Impeachment Exhibits**

| # | Exhibit | Objection | Basis for Objection |
|---|---------|-----------|---------------------|
| 1 | PO Berdichevskiy's Deposition Transcript | Reserved for trial. | FRE 402, 403, 802 – to the extent not all parts of the deposition will be properly relied on for impeachment. |
| 2 | PO Hadley's Deposition Transcript | Reserved for trial. | FRE 402, 403, 802 – to the extent not all parts of the deposition will be properly relied on for impeachment. |

**Defendants' Designated Deposition Testimony**

     None.

**Defendants' Exhibits**[5]

| # | Exhibit | Objection | Basis for Objection |
|---|---------|-----------|---------------------|
| A | Marijuana Recovered in Connection with the Arrest | None. | |
| B | Voucher No. 5000012464 | Yes. | The voucher and field test are not admissible at trial. Defendants need to put the marijuana that was recovered into evidence and have a chemist come to court to give his opinion as to what the item is. I am not stipulating to it being marijuana. |
| C | Field Test for Voucher No. 5000012464 | Yes. | The voucher and field test are not admissible at trial. Defendants need to put the marijuana that was recovered into evidence and have a chemist come to court to give his opinion as to what the item is. I am not stipulating to it being marijuana. |

---

[5] Defendants reserve the right to supplement this list with documents received after the date of this order, or for good cause.

- 5 -

**Defendants' Possible Impeachment Exhibits**[6]

| # | Exhibit | Objection | Basis for Objection |
|---|---------|-----------|---------------------|
| D | Plaintiff's Deposition Transcript | None. | |
| E | Complaint in this case | None. | |
| F | Amended Complaint in this case | None. | |
| G | Verified Complaint in 13-CV-2261 | Yes. | As described in plaintiff's motions *in limine*. |
| H | Verified Complaint in 13-CV-3056 | Yes. | As described in plaintiff's motions *in limine*. |
| I | Plaintiff's Rap Sheet (DEF 64-76), redacted to reflect any rulings made on the parties' motions *in limine* | Yes. | As described in plaintiff's motions *in limine*. |

---

[6] Exhibits G-I are subject to the Court's rulings on the parties' motions *in limine*. In addition, defendants reserve the right to supplement this list with documents received after the date of this order, or for good cause, as needed.

Submitted jointly by the parties on January 29, 2016:

| | |
|---|---|
| PHILIP OHENE | ZACHARY W. CARTER |
| 805 Castleton Avenue | Corporation Counsel of the City of New York |
| Staten Island, NY 10310 | By: Rhiana Swartz |
| Tel.: (718) 727-6607 | 100 Church Street |
| | New York, NY 10007 |
| | Tel: (212) 356-2382 |

_____/s/_____        _____/s/_____
Attorney for Plaintiff                                                Attorney for Defendants

**SO ORDERED.**

Dated: Brooklyn, New York

_____, 2016

_____
HON. ALLYNE R. ROSS, U.S.D.J.